UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )   Chapter 7
JOEL D. MANN,                       )
CAROL A. MANN,                      )   Bankruptcy No. 09-00507
                                    )
        Debtors.                    )

## ORDER RE: MOTION FOR CONTEMPT

This matter came before the undersigned on September 3, 2009 on Debtors' Motion for Contempt against Beneficial for Violating Both the Automatic Stay and the Discharge Order.  Debtors Joel and Carol Mann appeared with Attorney Janet Hong.  Beneficial Iowa, Inc. did not appear.  After the presentation of evidence and argument, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## FINDINGS OF FACT

Debtors filed their Chapter 7 petition on March 9, 2009. Household Finance Beneficial ("Beneficial") is listed on Schedule F as an unsecured creditor.  It was served with notice of the case by electronic transmission through the Bankruptcy Noticing Center.  Discharge entered on June 17, 2009 and the case was closed.

Debtors moved to reopen the case and filed the pending Motion.  They state that Beneficial improperly filed a civil collection action against Debtors postpetition.  After Debtor's attorney again notified Beneficial of the automatic stay imposed by § 362(a), Beneficial continued to send monthly billing statements to Debtors postpetition and postdischarge.  Beneficial sent Debtors five monthly statements in March through July.  It also sent Debtors a "Notice of Consumer's Right to Cure Default" dated May 28, 2009.

Attorney Hong sent letters to Beneficial at addresses in Des Moines, IA; Chesapeake, VA; Carol Stream, IL; Baltimore, MD and Buffalo, NY asking that Beneficial stop its attempts to collect the debt in violation of the automatic stay and/or the discharge injunction.  Beneficial has not responded to these letters and has not appeared in response to Debtors' Motion for Contempt. Debtors sent copies of the Motion for Contempt to Beneficial at addresses in Des Moines, IA; Chesapeake VA and Carol Stream, IL.

Notice of the hearing was also sent by first class mail to these addresses.

Debtor Carol Mann testified that it was very upsetting and annoying to continue to get bills from Beneficial after filing for bankruptcy.  She stated that the decision to file bankruptcy was very difficult, but Debtors did it in part to get creditors such as Beneficial to stop bothering them.  Beneficial's additional contacts postpetition caused Debtors additional stress.  Debtors incurred total attorney fees and expenses of $1,623.70 to bring the Motion for Contempt.

## CONCLUSIONS OF LAW

The scope of the automatic stay is extremely broad.  In re Knaus, 889 F.2d 773, 774 (8th Cir. 1989); In re Vierkant, 240 B.R. 317, 320 (B.A.P. 8th Cir. 1999).  It stops "all collection efforts, all harassment, and all foreclosure actions . . . and permits the debtor to be relieved of the financial pressures that [resulted in the bankruptcy]."  Vierkant, 240 B.R. at 320. "Because of its fundamental importance, courts must display a certain rigor in reacting to violations of the automatic stay." In re Pearce, 400 B.R. 126, 133 (Bankr. N.D. Iowa 2009).

"An individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages."  11 U.S.C. § 362(k).  A violation is "willful" if the creditor's conduct was deliberate and with knowledge of the bankruptcy filing.  Pearce, 400 B.R. at 134; Knaus, 889 F.2d at 775.  In imposing actual damages, the court has discretion to fashion the punishment to fit the circumstances.  Pearce, 400 B.R. at 134.  An award of punitive damages requires not only a willful violation but "appropriate circumstances" such as egregious, intentional misconduct by the creditor.  Id.; Knaus, 889 F.2d at 776.

Section 524(a)(2) prohibits any attempt to hold the debtor liable on discharged debt.  In re Craig, 325 B.R. 804, 806 (Bankr. N.D. Iowa 2005).  This section states that the bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor."  11 U.S.C. § 524(a)(2).  "The purpose of the discharge injunction is to 'ensure that once a debt is discharged, the debtor will not be pressured in any way to repay it.'"  In re Everly, 346 B.R. 791, 795 (B.A.P. 8th Cir. 2006) (quoting legislative history).

2

Section 524(a)(2) replaces the automatic stay of § 362 with a permanent injunction against enforcement of all discharged debts after entry of the discharge.  In re Waswick, 212 B.R. 350, 352 (Bankr. D.N.D. 1997).  Unlike § 362(h), which authorizes an individual injured by a willful violation of the automatic stay to recover actual damages, attorney fees, and where appropriate, punitive damages, § 524(a) does not expressly mention such awards.  In re Walker, 180 B.R. 834, 847 (Bankr. W.D. La. 1995). A willful violation of the § 524(a)(2) discharge injunction, however, will warrant a finding of civil contempt and imposition of sanctions.  In re Waswick, 212 B.R. 350, 352 (Bankr. D.N.D. 1997); In re Goodfellow, 298 B.R. 358, 361 (Bankr. N.D. Iowa 2003).  The movant has the burden to show by clear and convincing evidence that the creditor had knowledge of the discharge and willfully violated it by pursuing collection activities. Goodfellow, 298 B.R. at 362.  The moving party must also demonstrate that the creditor's conduct relates to a debt that is encompassed by the discharge order.  In re Gakinya, 364 B.R. 366, 370 (Bankr. W.D. Mo. 2007).

## ANALYSIS

Beneficial had notice of Debtors' bankruptcy case.  It improperly attempted to collect prepetition debt by filing a civil collection action postpetition.  It compounded its violations of the automatic stay by continuing to send monthly statements.  Despite the attempts of Debtors' attorney to contact Beneficial at several addresses, Beneficial continued to send statements after Debtors' discharge was entered.  As argued by counsel for Debtors, Beneficial appears to have a national presence but lacks a method for responding to a Notice of a bankruptcy filing or a Motion to hold it in contempt for violations of the automatic stay.

In these circumstances, Beneficial is liable for attorney fees and expenses in the total amount of $1,623.70 for violations of the automatic stay and discharge injunction.  In addition, the Court will award Debtors actual damages of $5,000.  Punitive damages are not appropriate in this case.

**WHEREFORE**, Debtors' Motion for Contempt against Beneficial for Violating Both the Automatic Stay and the Discharge Order is GRANTED.

**FURTHER**, Household Finance Beneficial violated the automatic stay and discharge order by attempting to collect prepetition debt from Debtors.

3

**FURTHER**, judgment is entered for Debtors Joel Mann and Carol Mann and against Household Finance Beneficial in the amount of $6,623.70.

DATED AND ENTERED:

September 21, 2009

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE